UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

_____
                                          )
**THANH THAI,**                           )
                                          )
      **Plaintiff,** )
                                          )
                                          )   Civil Action No.
      v.        )   11-40203-FDS
                                          )
**BE NGUYEN,**                            )
                                          )
      **Defendant.** )
_____)

                    **MEMORANDUM AND ORDER ON**
                    **DEFENDANTS' MOTION TO DISMISS**

**SAYLOR, J.**

      This case arises from a dispute over a promissory note. Defendant Be Nguyen executed the note on October 30, 2007, in favor of plaintiff Thanh Thai. The note is currently in default. Thai filed this action seeking enforcement of the terms of the note and payment from Nguyen. Nguyen has moved to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). For the reasons stated below, the motion will be granted.

**I.**     **Background**

      The following facts are drawn from the complaint and the attached exhibits unless otherwise noted.

      Plaintiff Thanh Thai resides in Southbridge, Massachusetts. Defendant Be Nguyen resides in Palm Beach Garden, Florida. In February 2007, while in Florida, Thai was introduced to Nguyen. (Pl. Aff. ¶ 2).[1] Nguyen was interested in opening a nail salon, and was looking for possible partners and sources of financing. (*Id.*). During the meeting, she asked Thai for a

---

[1] When they were introduced, Nguyen was told that Thai was from Massachusetts. (Pl. Aff. ¶ 2).

$50,000 loan to finance the business venture. (*Id.*). After Thai returned to Massachusetts, he had several telephone conversations with Nguyen to discuss the terms of the loan and the operation of the salon. (*Id.* ¶ 3).

On October 30, 2007, Nguyen executed a promissory note in the amount of $100,000, payable to Thai. (Compl. ¶ 6, Ex. 1). The note was prepared by a lawyer in Florida. The terms of the note state that it is an instrument executed in Palm Beach County, Florida, and that it, and all instruments securing it, are subject to the usury laws of Florida. (*Id.* Ex. 1, at 1; Pl. Aff. ¶ 4). The note also indicated that a $350 Florida Documentary Stamp Tax was required to be paid to the Florida Department of Revenue. (Compl., Ex. 1, at 2).

Pursuant to the terms of the note, Nguyen mailed several payments to Thai at his address in Southbridge, Massachusetts. (*Id.* Ex. 1, at 1; Pl. Aff. ¶ 5). In May 2010, Nguyen met with Thai in Massachusetts to discuss, among other things, the repayment of the note. (Pl. Aff. ¶ 7).

Nguyen failed to make several payments on the note and it is currently in default. On September 28, 2011, Thai brought this action in the Worcester Superior Court seeking to enforce the note and collect the money owed. Nguyen removed the action to this Court on the basis of diversity of citizenship, and has moved to dismiss the complaint for lack of personal jurisdiction.

**II.     Analysis**

     **A.     General Principles**

The exercise of personal jurisdiction over a defendant must be both authorized by statute and consistent with the due process requirements of the United States Constitution. *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 712 (1st Cir. 1996); *Intech, Inc., v. Triple "C" Marine Salvage, Inc.*, 444 Mass. 122, 125 (2005); *Good Hope Indus., Inc. v. Ryder Scott, Co.*, 378 Mass.

1, 5-6 (1979). Furthermore,

> A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

*United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001) (citations and quotations omitted).

The plaintiff bears the burden of showing that a court has personal jurisdiction over the defendant. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002). A district court faced with a motion to dismiss under Rule 12(b)(2) may choose among several methods for determining whether the plaintiff has met its burden: the "*prima facie*" standard, the "preponderance-of-the-evidence" standard, or the "likelihood" standard. *Id.* at 50-51, 51 n.5; *Foster-Miller, Inc., v. Babcock & Wilcox Can.*, 46 F.3d 138, 145-47 (1st Cir. 1995); *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675-78 (1st Cir. 1992).

Where, as here, a district court considers a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the *prima facie* standard governs its determination. *Swiss American*, 274 F.3d at 618. This standard is the "most conventional" of the methods for determining personal jurisdiction. *Daynard*, 290 F.3d at 51 (quoting *Foster-Miller*, 46 F.3d at 145). In conducting a *prima facie* analysis, courts are required to take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and "construe them in the light most congenial to the plaintiff's claim." *Massachusetts Sch. of Law at Andover, Inc., v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). It then "add[s] to the mix facts put

3

forward by the defendant[], to the extent that they are uncontradicted." *Daynard*, 290 F.3d at 51. Although the court will construe the facts in the light most favorable to the plaintiff in a motion to dismiss, the plaintiff still has the burden of demonstrating each jurisdictional requirement. *See Swiss American*, 274 F.3d at 618.

### B. Long-Arm Statute and Due Process

The Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3, states in relevant part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's:
>
> (a) transacting any business in this commonwealth. . . .

Mass. Gen. Laws ch. 223A, § 3. "The 'transacting business' test under section 3(a) is designed to identify deliberate, as distinguished from fortuitous, contacts with the forum by the nonresident party." *Lyle Richards Int'l v. Ashworth, Inc.*, 132 F.3d 111, 112 (1st Cir. 1997).

Under the circumstances presented here, the Court will sidestep the statutory analysis and "proceed directly to the constitutional analysis, because the Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States." *Adams v. Adams*, 601 F.3d 1, 5 (1st Cir. 2010) (quoting *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008); *accord Daynard*, 290 F.3d at 52; *Sawtelle v. Farrell*, 70 F.3d 1381, 1388 (1st Cir. 1995) ("[W]hen a state's long-arm statute is coextensive with the outer limits of due process, the court's attention properly turns to the . . . constitutional standards."); *see also "Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp.*, 361 Mass. 441, 443 (1972).

The parties agree that this Court does not have general jurisdiction over the defendant.

However, plaintiff contends that the Court has specific jurisdiction arising out of defendant's contacts in Massachusetts. "In order for Massachusetts to exercise personal jurisdiction over [] an out-of-state defendant, the Due Process Clause requires that [she] have sufficient minimum contacts with the state, such that 'maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.''" *Adams v. Adams*, 601 F.3d 1, 5 (1st Cir. 2010) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Construed the light most favorable to plaintiff's claim, the only contacts defendant had with Massachusetts were: (1) defendant's knowledge that plaintiff was a resident of Massachusetts; (2) defendant's telephone conversations with plaintiff before and after executing the note; (3) defendant's mailing of checks to plaintiff's Massachusetts address; and (4) defendant's meeting in Massachusetts with plaintiff to discuss repayment of the note.

In order for these contacts to satisfy the requirements of the Due Process Clause, they must "directly arise out of, or relate to, the defendant's forum-state activities," and "represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." *Adams*, 601 F.3d at 5-6 (quoting *Adelson v. Hananel*, 510 F.3d 43, 49 (1st Cir. 2007)). In addition, the Court's exercise of jurisdiction must be reasonable. *Id.*

Because plaintiff asserts a contract claim, to satisfy the "relatedness" prong, "defendant's activity in the forum state [must be] 'instrumental either in the formation of the contract or its breach.'" *Adams*, 601 F.3d at 6 (quoting *Adelson*, 510 F.3d at 49). It is unlikely that the contacts at issue here satisfy this requirement. Although the parties discussed the terms of the note while

5

plaintiff was in Massachusetts, "the specific terms of a contract were [not] 'formalized and entered into' in the forum state." *Id.* (quoting *Adelson*, 510 F.3d at 49-50). Indeed, it is undisputed that the note was drafted and executed in Florida. *Id.* (reasoning that even if one could infer that the note was drawn up in Massachusetts, the defendant "has not demonstrated the typical factors which have led us to conclude that there is sufficient relatedness between the plaintiff's claims and the defendant's actions in the forum state to warrant the exercise of specific personal jurisdiction"). Furthermore, defendant's contacts after the execution of the note were not such that defendant was "subject to 'substantial control and ongoing connection to [the forum state] in the performance of th[e] contract.'" *Id.* (quoting *Phillips*, 530 F.3d at 27).

In any event, even if accepting funds from and repaying funds to a resident of Massachusetts were sufficient "contacts" for purposes of establishing personal jurisdiction, there is no evidence that defendant purposefully availed himself to the privilege of conducting activities in Massachusetts.

The purposeful-availment prong is "only satisfied when the defendant purposefully and voluntarily directs [her] activities toward the forum so that [she] should expect, by virtue of the benefit [she] receives, to be subject to the court's jurisdiction based on these contacts." *Id.* (quoting *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 624 (1st Cir. 2001)). Defendant's purposeful availment must be voluntary—that is, "defendant's contacts with the forum state [must] 'proximately result from actions by the defendant [her]self,' and the contacts must not be "based on the unilateral actions of another party." *Id.* (quoting *Phillips*, 530 F.3d at 28). In addition, defendant's purposeful availment must be such that defendant could "reasonably anticipate being haled into court" in the forum state. *Adelson*, 510 F.3d at 50 (quoting

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Here, defendant knowingly accepted money from a Massachusetts resident and sent multiple payments to plaintiff in Massachusetts. To that extent, her contacts with Massachusetts were voluntary. "However, the fact that [defendant] accepted funds from an individual who happened to be a Massachusetts resident and executed a promise to repay that individual [is insufficient to establish] that [she] should have foreseen that [she] could be haled into court in Massachusetts." *Adams*, 601 F.3d at 6-7; *Moelis v. Berkshire Life Ins. Co.*, 451 Mass. 483, 487-88 (2008) (holding that nonresident plaintiffs' purchase of an insurance policy from a Massachusetts company through agents in their home state, and their mailing of annual premium payments to Massachusetts, did not constitute minimum contacts). "[D]efendant's awareness of the plaintiff's state of residence is not, by itself, enough to create personal jurisdiction." *Adams*, 601 F.3d at 7 (citing *Phillips*, 530 F.3d at 28).

In addition, the negotiations prior to executing the note were initiated in Florida and the note is governed by the laws of Florida. *See id.* at 7-8 (reasoning that the fact that the note was not governed by the laws of Massachusetts "is yet further evidence that [defendant] did not purposefully avail himself of the benefits and protections of Massachusetts law"). The fact that defendant spoke with plaintiff on the telephone after creating the relationship, without more, is not sufficient evidence that defendant initiated contact with Massachusetts necessary to establish purposeful availment. *Phillips Exeter*, 196 F.3d at 292 ("Without evidence that the defendant actually reached out to the plaintiff's state of residence to create a relationship—say, by solicitation—the mere fact that the defendant willingly entered into a tendered relationship does not carry the day." (citation omitted)); *cf. Adams*, 601 F.3d at 7 ("A phone call from [plaintiff] to

[defendant] in Texas concerning a contract that [plaintiff] demanded that [defendant] execute is not sufficient evidence that [defendant] 'reached into' Massachusetts." (citation omitted)). Thus, the Court finds that defendant did not purposefully avail herself of the benefits and protections of Massachusetts law.[2]

Plaintiff has accordingly failed to meet his burden of demonstrating that this Court has personal jurisdiction over defendant, and the motion to dismiss will therefore be granted.

## III.   Conclusion

For all the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated:  June 26, 2012

---

[2] Because defendant did not purposefully avail herself to the benefits of Massachusetts law, the Court need not determine whether exercising jurisdiction would nonetheless be reasonable.